Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 94 C 897 | **DATE** | 6/2/2000 |
| **CASE TITLE** | In Re: Brand Name Prescription Drugs | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Defendants' motion (Doc 4371-1) to strike the supplement to Independent Plaintiffs' Expert Report is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUN 0 5 2000 date docketed | |
| ✓ | Docketing to mail notices. | | 4416 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|   |   |   |
|---|---|---|
| IN RE BRAND NAME PRESCRIPTION DRUGS ANTITRUST LITIGATION | ) ) ) ) | 94 C 897 |
| This Document Relates To All Individual Actions | ) ) ) ) ) | MDL 997 |

## MEMORANDUM OPINION

**DOCKETED**
**JUN 0 5 2000**

CHARLES P. KOCORAS, District Judge:

Before the Court are the parties' briefs on the Motion of Certain Defendants to Strike the Supplement to Independent Plaintiffs' Expert Report. For the reasons set forth below, we grant the motion.

## BACKGROUND

This Court and the Seventh Circuit have set forth the events giving rise to this expansive multi-district litigation in a host of prior opinions. See e.g. In re Brand Name Prescription Drugs Antitrust Litigation, 186 F.3d 781 (7th Cir. 1999); In re Brand Name Prescription Drugs Antitrust Litigation, 123 F.3d 599 (7th Cir. 1997); In re Brand Name Prescription Drugs Antitrust Litigation, 2000 WL 204061 (N.D. Ill. Feb. 10, 2000); In re Brand Name Prescription Drugs Antitrust Litigation, 2000

4416

WL 204064 (N.D. Ill. Feb. 10, 2000); In re Brand Name Prescription Drugs Antitrust Litigation, 2000 WL 204112 (N.D. Ill. Feb. 10, 2000); In re Brand Name Prescription Drugs Antitrust Litigation, 1999 WL 102547 (N.D. Ill. Nov. 5, 1999); In re Brand Name Prescription Drugs Antitrust Litigation, 1999 WL 759472 (N.D. Ill. Sep. 1, 1999). To summarize, tens of thousands of retail pharmacies of various sizes filed suit for alleged violations of the Sherman Act, 15 U.S.C. § 1, et seq. against virtually all of the leading manufacturers and wholesalers of brand name prescription drugs. The cases were consolidated in this Court, resulting in two separate tracks: one case involving a nationwide class ("the Class") and another track consisting of claimants exercising their right to opt-out of the class and pursue their own individual claims ("the Individual Plaintiffs").

Our immediate focus is upon the cases of the Individual Plaintiffs. Certain defendants ("Defendants") have objected to a supplemental expert report filed in February of 2000 by the Boise/Gravante Individual Plaintiffs ("Plaintiffs"). The original discovery schedule provided for the termination of expert discovery on September 29, 1995. This date was set in contemplation of a February 5, 1996 trial date. To date, none of the Individual Plaintiffs have gone to trial, electing instead to stay their cases pending the outcome of the class trial. Following the Class trial (which resulted in a directed verdict for Defendants), and the Class' appeal to the

Seventh Circuit (which largely affirmed our ruling), the Individual Plaintiffs have re-booted this litigation in preparation of their cases being severed and brought to trial in their original forums.

As part of this preparation, the Individual Plaintiffs sought, and in February of 2000 obtained, this Court's leave to supplement their expert discovery. On April 4, 2000, certain defendants filed this motion to strike a supplement to the Boise/Gravante Individual Plaintiffs' expert report. Defendants claim the report is based on information that was available at the time the original report was prepared and improperly seeks to utilize expert witnesses and data not part of Plaintiffs' September 1995 report.

## DISCUSSION

Defendants challenge a statement in Plaintiffs' expert report reserving to them the right to rely upon experts named by other parties to this litigation, which Plaintiffs claim as authority permitting them to utilize at trial several previously unnamed experts. Defendants also argue that Plaintiffs may not now incorporate into their expert reports any information that was available to them in 1995. Defendants request that we hold Plaintiffs to the experts and supporting documentation they had initially disclosed, arguing that permitting Plaintiffs to rely upon this information would unduly prejudice Defendants and re-open expert discovery.

Plaintiffs contend that Defendants cite no authority demonstrating that the reservation clause is improper, or that Plaintiffs may not utilize previously disclosed and available information to supplement their expert reports. Plaintiffs further argue that the law does not support Defendants' arguments because they have failed to demonstrate any incurred prejudice.

It is undisputed that Plaintiffs' supplement includes new experts and information, and the supplement is their initial disclosure of their intention to utilize the specific information and experts at issue. It is also undisputed that their disclosure occurred after the close of Rule 26 expert discovery. Federal Rule of Civil Procedure 37(c)(1) provides "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial * * * any witness or information not so disclosed." Courts will permit such parties to utilize the evidence only if the Rule 26 offender can demonstrate it was justified in violating Rule 26(a), or that its violation was harmless. See Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir. 1996). This determination is left to the district court, for which we are granted broad discretion. See id. at 1231; Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999). We are guided by the following factors in making our decision: (1) the degree of surprise or prejudice to the

blameless party; (2) the capability of the offender to cure any resulting prejudice; (3) the amount of disruption to the trial that would result from permitting the use of the evidence; and (4) the bad faith involved in not producing the evidence at an earlier date. See Bronk v. Ineichen, 54 F.3d 425, 428 (7th Cir. 1995) (citing Spray-Rite Svc. Corp. v.Monsanto Co., 684 F.2d 1226, 1245 (7th Cir. 1982).

Defendants do not tender any evidence that Plaintiffs acted in bad faith. In essence then, the focus of our review is on whether the delay places the movant at such a disadvantage in terms of preparing for trial that it amounts to prejudicial surprise, warranting the exclusion of the offending discovery. See Price v. Code Alarm,Inc., 91C699, 1992 WL 390895 at *3 (N.D. Ill. Dec. 16, 1992). Such delay has been deemed unduly prejudicial, thus warranting exclusion of the evidence at issue, when: (1) the party failed to designate an expert until the time of the pretrial conference; see Schearbrook Land and Livestock Co v. United States, 124 F.R.D. 221, 222 (M.D. Fla. 1988); (2) the party sought to reserve the right to call at trial any experts it deemed necessary and without any prior disclosure; see Litton Inds., Inc. v. Lehman Bros. Kuhn Loeb, Inc., 734 F. Supp. 1071, 1082 (S.D.N.Y. 1990); and (3) the party failed to name the expert on the pretrial witness list. See Bronk, 54 F.3d at 432.

In contrast, courts have found that a party's failure to disclose was harmless when the opposing party was already aware of the basis of the expert's opinions, and when the court gave the opposing party the opportunity to cross-examine the witness outside of the presence of the jury. See Woodworker's Supply, Inc., 170 F.3d at 993. Vague, unsupportable, and unquantifiable claims of prejudice do not warrant exclusion. See Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd., 100 F.3d 1353, 1363 (7th Cir. 1996).

Plaintiffs first informed Defendants of their intention to utilize the experts and information at issue in their supplement, which they filed on February 28, 2000. The disclosure took place more than four years after the close of expert discovery in September of 1995. We had previously denied Plaintiffs' motion to alter this schedule to permit them to submit their expert report on November 3, 1995. The passage of four years since our denial of that request does nothing to soften our view that expert discovery is closed except to permit the parties' experts to file supplements to their existing reports prepared by their existing experts. It was never our intention to permit the parties to reopen or jump start expert discovery.

Plaintiffs argue that because other Plaintiffs had retained the experts at issue and Defendants had previously deposed them, Defendants have not suffered any prejudice by Plaintiffs utilizing these experts. We disagree. While Defendants have

had an opportunity to analyze the information and expert reports prepared for other plaintiffs, the intended use of the information and expert opinions has materially changed. Prior to Plaintiffs' supplement, the thrust of the information and expert discovery was geared towards other Plaintiffs, and was not directed towards the claims of these particular Plaintiffs. As such, Defendants had no reason to test the experts on their putative opinions and the documents at issue as they pertain to these particular plaintiffs. Similarly, Defendants did not direct their own experts to analyze and prepare counter-opinions specific to these particular Plaintiffs. Thus, were we to permit Plaintiffs to utilize this information at trial, equity would demand that we permit Defendants to depose the experts, and have their experts prepare reports countering the freshly disclosed information and opinions. As a result, permitting Plaintiffs to utilize the information and experts at issue would be an eleventh hour disclosure that would greatly and unduly prejudice Defendants' ability to try this case, and would result in the re-opening of expert discovery at this late date. By filing this supplement, Plaintiffs have sought to circumvent our scheduling order, in addition to our previous order denying their request to extend expert discovery. We reiterate that expert discovery is closed, except for the narrow function of supplementing existing reports, by existing experts, using newly obtained damages-data.

In addition, Plaintiffs' reservation of rights clause, their cited authority, is improper. Defendants argue that Plaintiffs' experts may not now rely upon the "expert statements, reports, and data [previously] submitted by other parties to these actions." In support, Defendants cite In re Air Crash Disaster, 86 F.3d 498 (6th Cir. 1996), Coclanes v. City of Chicago, No. 93c557, 1994 WL 10007 (N.D. Ill. Jan. 13, 1994), and Litton Inds. v. Lehman Bros., 734 F. Supp. 1071 (S.D.N.Y. 1990). In Air Crash Disaster, one of the defendants sought to call plaintiff's expert in its action against a third-party, basing its claim on a reservation of rights clause contained in the pre-trial order stating it could call other parties' witnesses. See id. at 526-27. The Sixth Circuit ruled that district courts have it within their discretion to require parties to disclose their witnesses with heightened specificity and affirmed the district court's order precluding defendant from utilizing plaintiff's expert at trial. See id. at 527.

Similarly, Plaintiffs here seek to utilize expert witnesses previously disclosed by other parties to this action, cloaking its action in a reservation of rights clause set forth in its prior expert disclosure. Given the lateness of Plaintiffs' disclosure, we believe it to be within our discretion to have previously required Plaintiffs to specifically enumerate each expert witness they intend to call and to provide a report wherein the expert renders his opinions for each distinct group of plaintiffs. To allow

Plaintiffs to bring in previously undisclosed opinions through the back door by means of supplementing their existing reports violates our prior scheduling orders. Thus, we grant Defendants' motion and strike Plaintiffs' reservation of rights clause.

Plaintiffs argue that their actions are permissible under the Seventh Circuit's decision in Kendra Oil & Gas, which permits parties to reserve the right to call one another's witnesses. See Kendra Oil & Gas., 879 F.2d at 242-43. However, that opinion is distinguishable from the situation at bar.

In Kendra Oil & Gas, defendant sought to call as its own expert one of the experts listed by plaintiff on the pretrial order. See id. at 242. However, the trial court barred it from so doing because defendant had failed to enumerate him on the pretrial order as one of its witnesses, relying instead on language in the order reserving it the right to call any witness listed on the pretrial order by plaintiff. See id. The Seventh Circuit deemed this adequate compliance with expert disclosure requirements, and thus found that his testimony should have been permitted. See id. at 243.

The situation before us materially differs from that presented to the court in Kendras. In Kendras there were only two parties. Thus, defendant's reservation of rights clause provided clear notice to plaintiff that defendant may decide to call plaintiff's witnesses. Plaintiff was the only other party in the case, and may be

assumed to be privy to the opinions of its own witnesses. Because there could be no plausible element of surprise, the Seventh Circuit deemed the reservation of rights clause permissible. See id. at 242-43.

In contrast, unlike Kendras, the case before us involves multiple plaintiffs and defendants, who are organized into groupings targeted at the specific defendants (i.e. Boise/Gravante Plaintiffs). The reservation of rights clause at issue extends to all parties, not merely the defendants against whom the Plaintiffs are pressing their claims. Indeed, the experts sought to be utilized by Plaintiffs are those disclosed by other Plaintiffs, not those of its immediate opposition. Hence, Defendants are prejudiced by having to prepare to rebut information which they could not reasonably have been expected to contend with prior to Plaintiffs' supplement. Therefore, the situation at bar differs from that in Kendras.[1]

Nor do Plaintiffs offer their true reasoning for re-opening expert discovery long after it has long been closed. Rather, they attempt to lay the blame at the feet of Defendants, claiming that they failed to disclose necessary documents prior to the preparation of Plaintiffs' experts' reports. Plaintiffs' blame-shifting, however, rings hollow in the face of: a) the availability of the data to them at the time the original

---

[1]Having found that the reservation clause improper for the stated reasons, we decline to address Defendants' claim that it is prejudiced in presenting a Daubert challenge.

report was submitted; and b) a January 2, 1997 memo prepared by Marianne DeMario, one of Plaintiffs' own experts, which sets forth and explains the actual reasons why Plaintiffs have shifted strategy and filed the supplement at issue.

In her memo, Demario states that the data set and service received from Chicago Partners, Plaintiffs' experts, was insufficient, and that Chicago Partners may be unable to produce the information necessary. The memo goes on to discuss financial concerns, and to suggest an alternate approach to approaching damages issues. This memo clearly belies Plaintiffs' assorted arguments in support of their supplement, leaving them without a justification for their delay.

It is simply too late in the day to engage in new expert discovery which is untethered to prior submissions. DeMario's memo is dated January 2, 1997. Plaintiffs filed their supplement in February 2000, more than three years later. Had the instant motion been filed at the time the perceived inadequacy was recognized, the attendant prejudice and delay would have been attenuated. Plaintiffs' actions, if allowed to stand, would entail considerable additional delay to the case, which we will not permit. Our immediate task is to ensure that these cases are prepared and properly postured for trial. Because Plaintiffs' desired supplemental expert report grossly and improperly impedes this task, we grant Defendants' motion and strike the report.

## CONCLUSION

For the reasons set forth above, we grant Defendants' motion to strike.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Court Judge

Dated: June 2, 2000