# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 94 C 897 | **DATE** | 8/29/2000 |
| **CASE TITLE** | In Re: Brand Name Prescription Drugs | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We deny Defendants' motion (Docs 4441-1 and 4441-2) to clarify and/or reconsider.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | AUG 3 0 2000 | date docketed |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING 00 AUG 29 AM 11: 38 | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | AUG 3 0 2000 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 4510

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE BRAND NAME PRESCRIPTION DRUGS ANTITRUST LITIGATION | ) ) ) ) ) ) | Master File No. 94 C 897 |
| This Document Relates To All Individual Actions | ) ) ) | MDL 997 |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS,** District Judge:

Before the Court are the parties' briefs on Plaintiffs' Motion to Reconsider/Clarify our June 5, 2000 ruling which granted the Motion of Certain Defendants to Strike the Supplement to Independent Plaintiffs' Expert Report. For the reasons set forth below, we deny the motion in its entirety.

## DISCUSSION

DOCKETED
AUG 3 0 2000

In June of 2000, we granted the Motion to Strike the Supplement to the expert report of the Boise/Gravante Plaintiffs ("Plaintiffs"). Plaintiffs timely filed a Motion for Clarification or Reconsideration on June 16, 2000. In their motion, Plaintiffs request clarification or reconsideration of various matters.

4510

Plaintiffs acknowledge that we have ruled that expert discovery is closed except to permit the parties to supplement the existing expert reports that were prepared by their current experts using newly obtained damages data. Thus, Plaintiffs alert the Court that in light of our ruling they intend to file a revised Supplemental Report.

Plaintiffs direct our attention to one expert in particular; Professor Weinstein, and one portion of his proposed testimony in particular; a rebate contract he prepared. Plaintiffs claim Weinstein was identified as an expert by other plaintiffs, the Rite-Aid and Malley's Plaintiffs, and thus, these Plaintiffs "identified" Weinstein through their attempted reservation of rights clause, which we struck down in our prior opinion as an improper skirting of the termination of expert discovery on September 29, 1995.

In support of their requested relief, Plaintiffs claim that: 1) the database and Weinstein's testimony concerning it were previously disclosed to the Boise-Gravante Defendants by other plaintiffs in this case; and 2) the proposed database and testimony is not plaintiff specific, but solely concerns Defendants' own contracts. Accordingly, Plaintiff argues that the proposed use of Weinstein's database and testimony has not changed, but is the same, irrespective of which particular plaintiff tenders it. Further, Plaintiff points out that while there are numerous defendants in this case, they chose to have one counsel for one manufacturer defendant conduct discovery on behalf of all of the manufacturer defendants. Thus, should we permit Plaintiffs to designate

Weinstein as their expert, Plaintiffs claim that Defendants will not be prejudiced, nor would there be any need for additional discovery which would foster a delay in the prosecution of these proceedings.

Plaintiffs also wish to address why they did not immediately request the Court to permit them to add Weinstein as an expert at an earlier date. They first claim that we unwittingly adopted a truncated version of Ms. Demario's letter to counsel which was taken out of context. They claim the full version demonstrates the opposite of Defendants' claims.

Plaintiffs next claim that they had initially sought to consolidate their Sherman Act cases for the trial and to participate in combined pretrial motions, but were rebuffed. They then were forced to sit-out the class case during the pretrial and trial stage, which occupied a substantial period of time. Following this Court's directed verdict in the class case, and the Seventh Circuit's subsequent decision, Plaintiffs claim that the focus had returned to expert discovery, and only then did they decide to supplement their original expert report to include Weinstein's computations. Consequently, Plaintiffs claim they were not responsible for the delay in their attempt to name Weinstein as their expert.

Defendants argue that we should stand by our original June opinion, bar these Plaintiffs from using Weinstein's testimony, and prevent the filing of a second

supplementary report. They assert that Plaintiffs' requested relief is precluded by our June opinion, and assert that Plaintiffs have not cited any basis for changing it at this time. Defendants also argue that most of them were not parties in the Chain cases when Weinstein's database was released. They further assert that Weinstein had not even begun work on his database until after his initial report was filed in 1995.

**A. Reconsideration**

Having weighed the Parties' arguments, which largely duplicate those proffered in their briefs for the original motion, we discern no basis for reconsidering our original opinion. The keystone of our opinion was that Plaintiffs may not reserve the right to call previously undisclosed experts at trial by means of a vague reservation of rights clause in their expert disclosure, whereby they claim the ability to call any expert named by any other parties to the case. We readily distinguished Plaintiffs' cited cases and found no justification for their actions in the fact pattern at hand. In doing so, we noted that permitting opponents to utilize each other's experts at trials was acceptable in the Seventh Circuit under Kendra Oil & Gas, Inc. v. Homco, Ltd., 879 F.2d 240 (7th Cir. 1989), so long as the parties at issue were directly matched against one another. We believed, however, that in this instance Defendants would be subject to undue prejudice from having to defend against an expert, such as Mr.

Weinstein, who was named by other plaintiffs in this consolidated action who were not prosecuting claims against these specific Defendants.

Indeed, were this not a multi-district litigation with legions of consolidated cases, Plaintiffs argument would be patently spurious. Under ordinary circumstances (where these cases were not consolidated in this Court), there is no question that Plaintiffs could not have named an expert by reserving the right to call another expert in another case, in another court, and even possibly, another jurisdiction. Merely because we have consolidated masses of cases for purposes of judicial economy neither operative procedural rules, common sense, or the reality that these are distinct cases are suspended from application as a result of the consolidation.

For these reasons, we deny Plaintiffs' motion to reconsider our prior opinion.

## B. Clarification

Having re-affirmed our prior ruling, Plaintiffs request that we provide them with guidance of its impact upon Mr. Weinstein. Specifically, Plaintiffs request guidance on whether they may <u>instanter</u> name Weinstein as one of their experts. In support, Plaintiffs assert that Weinstein's report is not Plaintiff specific, and thus will not prejudice Defendants.

Plaintiffs admit that they "named" Weinstein as an expert <u>via</u> the reservation of rights clause that we previously found deficient. Consequently, Plaintiffs' claim

that Defendants are not prejudiced rings hollow for the reasons we discussed at length in our prior opinion. Having re-affirmed <u>supra</u> that the reservation of rights clause was improper, there exists no basis for permitting Plaintiffs to name Weinstein at this late date. We re-affirm with finality that expert discovery is closed, except for filing <u>supplementary</u> reports based on <u>new damages data they received from the Defendants after expert discovery closed in 1995</u>. Plaintiffs' attempted designation of Weinstein as their expert is stricken.

## CONCLUSION

For the reasons set forth above, we deny Defendants' motion to clarify and/or reconsider.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: August 29, 2000