Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 94 C 897 | **DATE** | 1/9/2001 |
| **CASE TITLE** | In Re: Brand Name Prescription Drugs | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We grant Michael H. Moss' motion (Doc 4615-1) to reconsider in part, as set forth in the Memorandum Opinion. Our November 2, 2000 order is amended to grant Michael H. Moss' fee petition in the modified amount of $62,901.25.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | 24 number of notices |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | JAN 1 0 2001 date docketed |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | | mw docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| | SCT courtroom deputy's initials | Date/time received in central Clerk's Office | 1/9/2001 date mailed notice  SCT mailing deputy initials |

Document Number

4672

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DOCKETED
JAN 1 0 2001

| | | |
|---|---|---|
| IN RE BRAND NAME PRESCRIPTION | ) | |
| DRUGS ANTITRUST LITIGATION | ) | 94 C 897 |
| | ) | |
| This Document Relates To: | ) | MDL 997 |
| ALL CLASS ACTIONS | ) | |

### MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the court on Michael H. Moss' motion for reconsideration of our November 2, 2000 order granting in part and denying in part Moss' fee petition. We grant Moss' motion for reconsideration and clarify and amend our November 2, 2000 order as set forth below.

### DISCUSSION

In a November 2, 2000 order, this Court granted the fee petition of Michael H. Moss in the reduced amount of $67,901.25. We arrived at that calculation as follows: We began on the assumption that Moss' initial lodestar amount, i.e., his total fee claim before application of a multiplier, was $69,362.50. We reduced Moss' lodestar amount by $20,000 based on Moss' "'minimal' contribution to the prosecution of the case and the achievement of the settlement." We further reduced the lodestar by $4095.00 on

the ground that Moss had improperly sought reimbursement for more than twenty hours of fee petition-related work that did not benefit the class as a whole. We then multiplied the remaining $45,267.50 by 1.5 – the appropriate multiplier given Moss' risk in accepting the case on a contingent fee basis, albeit at a late stage in the proceedings.

Moss seeks reconsideration of the fee award on two grounds. First, he challenges the $4095.00 lodestar reduction for noncompensable time during the period October 10, 1999 through November 30, 1999. In particular, Moss claims that because none of his time during that period was spent preparing a fee petition, he should be reimbursed from the class fund for all of it. Once again, we disagree.

It may be technically true that none of Moss' time during the relevant period was spent preparing a fee petition. More than 23 hours of it were, however, dedicated to calculating, and arranging for the payment or reimbursement of, the litigation expenses of Moss' client, the Pharmacy Freedom Fund. For example, on October 20, Moss' time entry reads, "Review Pharmacy Freedom expenses for 1993 to 1999 and discuss details with Gude toward ultimate decision of proper billing BNPD litigation." The November 4 entry reads, "Telephone conference with Gude to review additional PFF expense details including details of Gude time during 1993 through 1999." The entries for October 18 and November 10 through 30 contain similar notations. Moss has never

made a convincing argument that this work was beneficial to the class as a whole, and we are persuaded that it was not. For that reason, we accepted the Special Master's recommendation of a $4095.00 reduction in Moss' lodestar amount, representing 23.4 noncompensable hours at Moss' billed rate of $175 per hour. We now affirm that determination.

Moss next claims that we miscalculated the amount of fees he would be due assuming that we apply a 1.5 multiplier. He is correct, but not for the reasons he has identified. In our November 2, 2000, opinion, we took as a starting point the $69,362.50 figure identified by Special Master McGarr as the amount of Moss' fee claim prior to application of a multiplier. Moss did not challenge the figure at the time, but from the fee chart attached to his motion to reconsider, it appears that Moss' fee claim without multiplier is actually $79,362.50 (453.5 hours at an hourly rate of $175). From this total claim amount, we subtract the $4095.00 in time spent working on fee issues and the $20,000 by which this Court has reduced Moss' lodestar to reflect his minimal contribution to the class recovery. We are left with a lodestar of $55,267.50, which becomes $82,901.00 after application of the 1.5 multiplier. According to Moss, the Pharmacy Freedom Fund has already paid him for $20,000 worth of this work. This $20,000 comes off the total, and the resulting fee award is $62,901.00. The calculations can be summarized as follows:

|  |  |
|---|---|
| Hours | 453.5 |
| Rate | x $175/hour |
| Initial lodestar | $79,362.50 |
| Lodestar reductions | -24,095.00 |
| Adjusted lodestar | $55,267.50 |
| Multiplier | x 1.5 |
| Total fee entitlement | $82,901.25 |
| Expenses | + 1,173.00 |
| Reimbursements | -21,173.00 |
| Total Fee Award | $62,901.25 |

Moss seeks a fee award of $74,948.75, which he arrives at by applying the multiplier to the lodestar *before* taking the reductions set forth in our November 2 order. That order makes clear that the reductions are to be taken from the lodestar itself, prior to application of the multiplier. Moss' method would result in an improper increase of $12,047.50 (50% of $24,095) in his total fee award. The correct total, as set forth above, is $62,901.25.

## CONCLUSION

For the foregoing reasons, we grant the motion to reconsider in part, as set forth above. Our November 2, 2000 order is amended to grant Michael H. Moss' fee petition in the modified amount of $62,901.25.

*/s/ Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: January 9, 2001