# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 94 C 897 | **DATE** | 1/9/2001 |
| **CASE TITLE** | In Re: Brand Name Prescription Drugs | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Class Counsel's motion (Doc 4594-1) for authorization for payment of incentive awards is granted in part and denied in part, as set forth in detail in the Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 24 number of notices | **Document Number** |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | JAN 1 0 2001 date docketed | 4673 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | MW docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 1/9/2001 date mailed notice | |
| SCT | courtroom deputy's initials | SCT mailing deputy initials | |
| | Date/time received in central Clerk's Office | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JAN 1 0 2001

| | | |
|---|---|---|
| IN RE BRAND NAME PRESCRIPTION DRUGS ANTITRUST LITIGATION | ) ) ) | 94 C 897 |
| This Document Relates To: ALL CLASS ACTIONS | ) ) ) | MDL 997 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on the motion of class plaintiffs' co-lead counsel for authorization to pay incentive awards to the class representatives. For the reasons that follow, the motion is granted in part and denied in part.

## DISCUSSION

The Seventh Circuit has approved the payment of incentive awards in appropriate class actions to compensate named plaintiffs for their work on behalf of the class. As the court recognized in In the matter of Continental Illinois Securities Litigation, 962 F.2d 566, 571 (7th Cir. 1992), such awards may be necessary to induce plaintiffs to participate in a class suit. The amount of an incentive award typically varies with the plaintiff's risk - either financial or personal - in pursuing the litigation, as well as the extent of his or her involvement in the case and the resulting benefit to

the class as a whole. See e.g., Gaskill v. Gordon, 1995 WL 746091, at *4 (N.D. Ill. 1995); Spicer v. Chicago Board Options Exchange, Inc., 844 F. Supp. 1226 (N.D. Ill. 1993); In re U.S. Bioscience Securities Litigation, 155 F.R.D. 116, 121 (E.D. Pa. 1994) (citing cases).

We agree with class plaintiffs' counsel that incentive awards are appropriate in this case. The class representatives pursued their action despite receiving no assistance from federal or state authorities. Gaskill, 1995 WL 746091, at *4. They further lent their assistance to class counsel, in varying degrees, despite the risk that they would recover nothing and might possibly be held liable for costs or sanctions if the case went to trial and plaintiffs were unsuccessful. Continental Illinois, 962 F.2d at 572. The representatives' efforts brought significant benefit to the class, in the form of a substantial settlement with certain Manufacturer-Defendants. For these reasons, it is appropriate to award the class representatives some payment over and above their proportional share of the class fund.

While we look favorably on counsel's request in principle, however, we believe that the $775,000 which class counsel seeks to distribute among the named plaintiffs is excessive. In no case cited by class counsel or discovered by this Court has a court awarded more than a total of $300,000 to the named plaintiffs in a class fund case. We

therefore authorize payment of incentive awards to the class representatives only in the following reduced amounts:

- Category One (class representatives who filed complaints only)[1]: $1000 each

- Category Two (class representatives who filed complaints and answered written discovery requests)[2]: $2000 each

- Category Three (class representatives who filed complaints, participated in written discovery, and were deposed)[3]: $5000 each

- Category Four (class representatives who made additional contributions)[4]: $10,000

- Category Five (class representatives who made more significant contributions)[5]: $20,000

- Category Six (Barry Golin): $150,000

---

[1]D&E Pharmacy, Dunwoody Village Pharmacy, JD Ventures, Mandel Enterprises, McHugh Pharmacy Wynnewood, Inc., Saphia Pharmacy, Seeber's Discount Pharmacy, Inc., and Starkman Drug.

[2]1700 Pharmacy, Inc., James Pharmacy, Lurie Pharmacy, Jean Ann Silverness, Murray's Overhill Pharmacy, Shapiro Drugs

[3]Ace Pharmacy, Bartlemay Professional Services and Carefree Pharmacy Ltd., Blackburn's Pharmacy, Central Drug Distributors, Conney's Pharmacy, Dave's Pharmacy, Franklin Square Pharmacy, Inc., Hyperx, Inc., J&M Pharmacy, Lakeside-Schwettmann Pharmacy, LaPorte Products Co., Inc., Mark Drug-Strathmore Pharmacy, Medirex, Inc., Starko, Inc, and Thrifty Cut Rate Drugs of Seaford, Inc.

[4]Marvin Gimpel, Don's Pharmacy, Melrose Pharmacy, Meyers Pharmacy, Pat-Y-Ken Drug, Inc., and Village Pharmacy

[5]Bacon-Normandi Corp., Brady's Pharmacy, Medicine Ladies, Inc., Rehn-Huerbinger Drugs, Inc., and Solomon Cooper Drugs

We believe that these awards adequately compensate the class representatives for their respective contributions to the class' litigation efforts while reserving the bulk of the settlement fund for distribution among the members of the plaintiff class.

## CONCLUSION

Accordingly, class counsel's motion for authorization for payment of incentive awards is granted in part and denied in part, as set forth in detail above.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: January 9, 2001