# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 94 C 897 | **DATE** | 1/9/2001 |
| **CASE TITLE** | In Re: Brand Name Prescription Drugs | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Lawrence Adams Plaintiffs' motion (Doc 4617-1) motion to amend the final judgment is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 24 number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 10 2001 date docketed | 4674 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | mw docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 1/9/2001 date mailed notice | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | SCT mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE BRAND NAME PRESCRIPTION DRUGS ANTITRUST LITIGATION | ) ) ) | 94 C 897 |
| This Document Relates To: | ) ) ) | MDL 997 |
| LAWRENCE ADAMS d/b/a McSPADDEN DRUG STORE, et al. | ) ) ) | |

DOCKETED
JAN 1 0 2001

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on the Lawrence Adams Plaintiffs' motion to amend the final judgment. For the reasons set forth below, the motion is granted.

## BACKGROUND

On March 9, 1995, the Lawrence Adams plaintiffs ("Plaintiffs") filed a complaint in the United States District Court for the Eastern District of Arkansas against certain manufacturers and wholesalers of brand name prescription drugs, alleging violations of the Sherman Act, the Robinson-Patman Act, and A.C.A. 4-75-501, an Arkansas statute prohibiting price discrimination in the sale of manufactured products.[1] Pursuant to orders of the Judicial Panel for Multidistrict Litigation, the

---

[1] The complaint was amended in January of 1998 to add Sherman Act claims against a number of wholesaler defendants.

Lawrence Adams case and thousands of others like it were transferred to this Court for coordinated or consolidated pretrial proceedings. A class of plaintiffs was certified pursuant to Rule 23 of the Federal Rules of Civil Procedure, but the Lawrence Adams Plaintiffs and more than four thousand others opted out of the class (the "Individual Plaintiffs").

At the Court's direction, the parties conducted coordinated discovery with respect to the Individual Plaintiffs' Sherman Act claims. On July 14, 2000, the wholesaler defendants moved for summary judgment, arguing that there was no evidence from which a jury could conclude that they conspired with the manufacturer defendants to fix drug prices. The Individual Plaintiffs opposed the motion, and the Lawrence Adams Plaintiffs adopted the group response. On November 6, 2000, we granted the wholesalers' motion. The wholesalers then moved, on November 10, 2000, for "final judgment dismissing with prejudice the claims against the wholesaler defendants in the above-referenced MDL proceeding." The motion, which was noticed for November 14, 2000, was granted at a hearing on that date.

Plaintiffs did not oppose the motion for entry of final judgment and did not appear at the November 14 hearing. Instead, they brought this motion on November 17, 2000 to amend the final judgment to limit the dismissal to the Individual Plaintiffs' Sherman Act claims. The wholesaler defendants oppose the motion to amend, arguing

that it is untimely and that the judgment entered by this Court was not intended to be so limited.

## DISCUSSION

### I. Timeliness

The wholesaler defendants argue that Plaintiffs should have raised their objections earlier, either during briefing on the summary judgment motion or at the November 14 hearing on the motion for entry of final judgment. Plaintiffs first respond that they did not raise their concerns during the summary judgment proceedings because it was their understanding that those proceedings were directed solely at the Individual Plaintiffs' Sherman Act claims. It was not until they received notice of the broadly-worded request for final judgment that Plaintiffs realized that some additional step might be necessary to preserve their state law price discrimination claims.

The arguments for and against summary judgment, as well as this Court's opinion on the wholesalers' motion, dealt exclusively with the wholesalers' liability for price discrimination under Section 1 of the Sherman Act. The Seventh Circuit had previously held that, under Illinois Brick Co. v. Illinois, 431 U.S. 720, 97 S.Ct. 2061 (1977), the wholesalers could only be held liable under the Sherman Act if they were responsible for conspiring with the drug manufacturers to set the allegedly

discriminatory prices. In re Brand Name Prescription Drugs Antitrust Litigation, 186 F.3d 781 (7th Cir. 1999). On summary judgment, we found that the Individual Plaintiffs had failed to present sufficient evidence of such a conspiracy, and on that basis we granted summary judgment for the wholesalers on the Individual Plaintiffs' claims. The Lawrence Adams Plaintiffs' state law claim was not mentioned at any point during the summary judgment proceedings.

Inasmuch as the scope of the summary judgment proceedings was effectively limited to the Individual Plaintiffs' Sherman Act claims, we do not think it unreasonable that Plaintiffs failed to address their Arkansas claim in that context. Nor can we conclude that they should have appeared at the hearing on November 14 to oppose the entry of final judgment. While the wholesaler defendants state that they served Plaintiffs with notice of the motion and hearing by mail on November 10, Plaintiffs represent that they did not receive such notice until November 15, the day *after* the hearing. They then immediately filed this motion to amend. Under these circumstances, we will not penalize Plaintiffs for their brief delay in opposing what they view as an overbroad judgment.

## B. Appropriate scope of judgment

The wholesaler defendants also contend that Plaintiffs' motion should be denied on the merits. In particular, the wholesalers argue that Plaintiffs' Arkansas claim

- 4 -

cannot survive in light of our finding, on summary judgment, that the Wholesalers neither set nor conspired to set the discriminatory drug prices in question. Arkansas Code Annotated § 4-75-501 makes it unlawful for "any...corporation...engaged in the sale of any manufactured product...to sell any manufactured product...at a greater cash price at any place in this state, than the...corporation...sells the manufactured product...at other points in this state" or to "willfully refuse or fail to allow any person, corporation or company making purchases of a manufactured product...all rebates and discounts which are granted by them to other purchasers...." The language of the statute does not itself limit the law's application to the person or entity who actually sets the prices, and the only reported case interpreting these sections of the statute does not address the question of who may be liable for price discrimination. See Concrete v. Arkhola Sand & Gravel Co., 311 S.W.2d 770, 772 (Ark. 1958). That case simply holds that "under the 1903 act the Legislature intended to protect purchasers of the chattels mentioned from being overcharged." Id.

In the absence of any firm indication that our factual findings on summary judgment preclude Plaintiffs from prevailing under Arkansas law, we are hesitant to conclude that their state law claim is barred by our November 6, 2000 opinion. The questions of the scope of the relevant statute and its application to the facts of Plaintiffs' case are better left to the originating court in Arkansas. We therefore grant

Plaintiffs' motion and amend the final judgment to dismiss with prejudice only the Sherman Act claims against the wholesaler defendants.

## CONCLUSION

For the foregoing reasons, the Lawrence Adams Plaintiffs' motion to amend the final judgment is granted.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: January 9, 2001