# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 94 C 897 | **DATE** | 1/10/2001 |
| **CASE TITLE** | In Re: Brand Name Prescription Drugs (This Document Relates To: ALL ACTIONS OTHER THAN THE CLASS ACTIONS) | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Defendants' motion (Doc 4632-1) for partial summary judgment is granted insofar as it is consistent with the stated legal principles in the attached Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | JAN 1 1 2001 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | MW | 4675 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| SCT | courtroom deputy's initials | | 01 JAN 10 PM 1:21 | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE BRAND NAME PRESCRIPTION ) | | |
| DRUGS ANTITRUST LITIGATION ) | 94 C 897 | |
| ) | | |
| This Document Relates To: ) | MDL 997 | **DOCKETED** |
| ALL ACTIONS OTHER THAN ) | | |
| THE CLASS ACTIONS ) | | JAN 1 1 2001 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on the Manufacturer Defendants' motion for partial summary judgment and proposed order with respect to claims based on purchases made through wholesalers. For the reasons set forth below, Defendants' motion for partial summary judgment is granted in part and denied in part.

### DISCUSSION

As a preliminary matter the Court reaffirms its oral statements to the effect that, under Illinois Brick Co. v. Illinois, 431 U.S. 720 (1977), plaintiffs cannot recover damages for purchases made through wholesalers on the theory that plaintiffs were overcharged for brand name prescription drugs in violation of Section 1 of the Sherman Act, 15 U.S.C. §1. Nor can plaintiffs recover any damages for indirect purchases, however styled, if calculation of those damages would involve tracing a price hike

4675

through successive resales, or "incidence analysis." This is the law of the case as set forth by the Seventh Circuit in In Re Brand Name Prescription Drugs Antitrust Litigation, 123 F.3d 599, 605-606 (1997).

The Boies/Gravante Plaintiffs (the "Boies Plaintiffs") argue that they are entitled to seek "lost profits" damages on indirect purchases to the extent that their claims are based on a group boycott or concerted refusal to deal theory as opposed to an overcharge theory. The Seventh Circuit did state in dicta that the manufacturers' refusal to grant discounts to retail pharmacies, "if successfully challenged as a boycott," would fall "out of the orbit" of Illinois Brick. 123 F.3d at 606. Under such a claim, "Plaintiffs would be permitted to prove up whatever damages they could show had flowed from the boycott, provided they weren't seeking to recover overcharges, for that would entail the very incidence analysis that Illinois Brick bars." Id. The court did not reach the question of whether a group boycott claim would be successful on the facts of this case, however, because the class plaintiffs "ha[d] not cast their case in the boycott mold."

The Boies Plaintiffs contend that, unlike the class, they have challenged the manufacturers' refusal to grant them discounts as a group boycott or refusal to deal. They argue, therefore, that they should be entitled to recover lost profits flowing from the boycott. While the Boies Plaintiffs' complaints allegedly contain relevant counts

and allegations, this Court has not examined their boycott or refusal to deal claims in any of the pretrial matters we have handled. We therefore take no position as to whether the Boies Plaintiffs can successfully demonstrate an unlawful boycott. We do caution, however, that any boycott damages that must be calculated through incidence analysis would, like the plaintiffs' overcharge claims, be barred by <u>Illinois Brick</u>.

The parties disagree as to whether the lost profits damages the Boies Plaintiffs seek necessarily entail the pass-on analyses proscribed by <u>Illinois Brick</u>. This is the type of fact-intensive evidentiary dispute that we have previously determined to be the province of the trial courts to which Plaintiffs' cases will soon return. We therefore limit our opinion to the preceding legal discussion.

## CONCLUSION

For the foregoing reasons, Defendants' motion for partial summary judgment is granted insofar as it is consistent with the above stated legal principles.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: __January 10, 2001__