
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 94 C 897 | **DATE** | 1/18/2001 |
| **CASE TITLE** | In Re: Brand Name Prescription Drugs | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We grant plaintiffs' Rule 42(b) motion (Doc 4621-1) to sever their Robinson-Patman Act claims. We further grant the Lawrence Adams, Paradise Drugs, and Bob's Pharmacy Plaintiffs' motion (Doc 4631-1) to sever, and deny without prejudice their motion to remand, their Sherman Act claims. The Lawrence Adams Plaintiffs's motion to sever and remand their Arkansas state law claims is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 19 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 4685 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FOR DOCKETING 01 JAN 18 PM 3:45 | | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JAN 1 9 2001

| | | |
|---|---|---|
| IN RE BRAND NAME PRESCRIPTION | ) | |
| DRUGS ANTITRUST LITIGATION | ) | 94 C 897 |
| | ) | |
| This Document Relates to: | ) | MDL 997 |
| ALL CASES | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on the Individual Plaintiffs' motion to sever the Robinson-Patman Act claims. For the reasons set forth below, the motion is granted.

### BACKGROUND

In the early 1990s, the Individual Plaintiffs filed complaints against various Manufacturer Defendants alleging violations of both the Sherman Act, 15 U.S.C. § 1, and the Robinson-Patman Act, 15 U.S.C. §§ 13(a), 13(d) and/or 13(e). This Court's April 21, 1995 Pretrial Order No. 5 set forth stipulated discovery and pretrial procedures for the two types of claims. The Individual Plaintiffs in the Rite Aid, Boies/Gravante, and Malleys groups ("Plaintiffs"), and the Manufacturer Defendants named in their complaints ("Defendants") were all parties to the stipulation.

4685

Pursuant to Pretrial Order No. 5, the parties to the stipulation selected twenty-four plaintiffs and five defendants as "Designated Parties." Both Sherman Act and Robinson-Patman discovery was allowed to proceed with respect to these parties. Discovery related to the Robinson-Patman claims of non-Designated Parties, on the other hand, was stayed pending conclusion of the first trial of any Designated Plaintiff's Robinson-Patman Act claims. Because the order provided that discovery on the non-Designated Parties' Sherman Act claims would proceed while discovery on their Robinson-Patman claims was stayed, it expressly "contemplate[d] that a plaintiff's claims may be tried in two separate trials." Paragraph 11 set forth a number of agreed rules regarding, *inter alia,* the preclusive effect of any judgment or disposition of the Sherman Act claims in the event that they were severed and tried separately from the Robinson-Patman claims.

Discovery in Plaintiffs' cases has proceeded in accordance with the terms of Pretrial Order No. 5. The parties have concentrated on Plaintiffs' Sherman Act claims, and pretrial proceedings related to those claims are near completion. Accordingly, Plaintiffs have moved to sever the Robinson-Patman Act claims in order to posture the Sherman Act claims for remand to and trial in their originating district courts.[1] The

---

[1]Although Plaintiffs claim to seek "severance," their motion is actually a motion for separation of claims for trial pursuant to Rule 42(b). The distinction is that "[s]eparate trials will usually result in one judgment, but severed claims become

-2-

Lawrence Adams, Paradise Drugs, and Bob's Pharmacy Plaintiffs, though not parties to Pretrial Order No. 5, have adopted Plaintiffs' papers in support of their motion to sever and remand their Sherman Act claims. The Lawrence Adams Plaintiffs additionally move, without elaboration, for severance and remand of their Arkansas state law claims.

## DISCUSSION

Under Rule 42(b) of the Federal Rules of Civil Procedure, the Court has broad discretion to order a separate trial of any claim or issue in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy. It is our belief that judicial economy will be served by severing the Robinson-Patman claims at this time. The conclusion of pretrial proceedings on the Sherman Act claims is imminent; remand of those claims will soon be appropriate. The Robinson-Patman claims, with the possible exception of the "Designated" cases, have not yet been pre-tried. Under these circumstances, separation is appropriate to ensure expeditious disposition of the trial-ready Sherman Act claims. See, e.g.,

---

entirely independent actions to be tried, and judgment entered thereon, independently." Houseman v. United States Aviation Underwriters, 171 F.3d 1117, 1122, n. 5 (7th Cir. 1999). The parties use the terms "sever" and "separate" interchangeably in reference to Rule 42(b) separation, and for the sake of convenience we do the same in this opinion.

Houseman v. United States Aviation Underwriters, 171 F.3d 1117, 1122 (7th Cir. 1999) (citing cases).

This result is consistent with this Court's oft-stated intention to remand the Sherman Act claims as soon as pretrial proceedings regarding them have been completed. It should also come as no surprise to the parties who have knowingly placed a priority on disposition of the Sherman Act claims by stipulating to the bifurcation of pretrial proceedings set forth in Pretrial Order No. 5 and adhering to the terms of that Order for the past five years. Defendants cannot now complain about a severance that was expressly anticipated in the stipulated order and implicitly accepted as the likely outcome of the intervening pretrial proceedings.

The argument in favor of severance is bolstered by the fact that Sherman Act and Robinson-Patman claims involve distinct inquiries. To prove their Sherman Act claims, Plaintiffs will need to demonstrate unlawful concerted action by Defendants. The Robinson-Patman Act, by contrast, prohibits price discrimination by individual Defendants regardless of the existence of a conspiracy. The complexity of the claims and the absence of significant overlap between them that once weighed in favor of separate pretrial proceedings now supports severing the trial-ready Sherman Act claims and remanding them for trial.

## CONCLUSION

For the foregoing reasons, we grant Plaintiffs' Rule 42(b) motion to sever their Robinson-Patman Act claims. We further grant the Lawrence Adams, Paradise Drugs, and Bob's Pharmacy Plaintiffs' motion to sever, and deny without prejudice their motion to remand, their Sherman Act claims. The Lawrence Adams Plaintiffs' motion to sever and remand their Arkansas state law claims is denied as moot.

*Charles P. Kocoras*

Charles P. Kocoras
United States District Judge

Dated: January 18, 2001