# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 94 C 897 | **DATE** | 3/9/2001 |
| **CASE TITLE** | In Re: Brand Name Prescription Drugs This Document Relates to: ALL NON-CLASS (OPT-OUT ACTIONS) | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** The Class Trial Defendants' motion (Doc 4677-1) motion to certify the Court's February 9, 2000 Order for immediate appeal is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 0 9 2001 | |
| ✓ | Docketing to mail notices. | | date docketed | 4735 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | ED-7 FILED FOR DOCKETING 01 MAR -9 PM 12: 00 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE BRAND NAME PRESCRIPTION DRUGS ANTITRUST LITIGATION | ) ) ) | 94 C 897 |
| This Document Relates to: | ) ) | MDL 997 |
| ALL NON-CLASS (OPT-OUT ACTIONS) | ) ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on certain Defendants' motion to certify this Court's February 9, 2000 order for immediate appeal. For the reasons set forth below, the motion is denied.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1292(d), when a district judge is of the opinion that an interlocutory order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he or she may certify that issue for immediate appeal to the appropriate Court of Appeals. The question to be certified must present an "abstract legal issue" rather than the application of facts to the law. Ahrenholz v. Board of Trustees of University of

Illinois, 219 F.3d 674, 677 (7th Cir. 2000). The petition to certify must be filed in the district court within a reasonable time after the order sought to be appealed. Id. at 675.

## DISCUSSION

The plaintiffs in the above-captioned cases are tens of thousands of retail pharmacies who filed suit in the early 1990s against virtually all of the leading manufacturers (the "Manufacturer Defendants" or "Manufacturers") and wholesalers (the "Wholesaler Defendants" or "Wholesalers") of brand name prescription drugs. Pursuant to orders of the Judicial Panel for Multidistrict Litigation, the cases were consolidated in this Court as MDL 997 for coordinated or consolidated pretrial proceedings. On November 18, 1994, a nationwide class was certified under Rule 23(b)(3) of the Federal Rules of Civil Procedure (the "Class"). Thousands of plaintiffs opted out of the class (the "Individual Plaintiffs").

In April of 1996, we denied the Manufacturer Defendants' motion for summary judgment against both the Class and the Individual Plaintiffs, concluding that the record contained substantial support for each manufacturer's participation in the alleged conspiracy. In re Brand Name Prescription Drugs Antitrust Litigation, 1996 WL 167350, at *19 (N.D. Ill. April 4, 1996). That decision was affirmed, with respect to the Manufacturer Defendants, by the Seventh Circuit. In re Brand Name Prescription Drugs Antitrust Litigation, 123 F.3d 599, 614-16 (7th Cir. 1997). The Class then

settled its claims against a number of Manufacturers and proceeded to trial against those who remained (the "Class Trial Defendants"). After the Class presented its case in chief on liability, we granted judgment as a matter of law for the defendants, finding that "the evidence of an industry-wide conspiracy between the Manufacturers and Wholesalers to deny retail pharmacies discounts on brand name prescription drugs is meager at best and the evidence as to the Individual Defendants paltry." In re Brand Name Prescription Drugs Antitrust Litigation, 1996 WL 167350, at *16 (N.D. Ill. January 19, 1999). The Seventh Circuit affirmed with respect to the question of whether the Class had presented sufficient direct evidence that the Manufacturer Defendants had colluded to deny discounts to them. In re Brand Name Prescription Drugs Antitrust Litigation, 186 F.3d 781, 785 (1999).

Following the issuance of the Seventh Circuit's opinion affirming the judgment against the Class, the Manufacturers sought leave to file renewed motions for summary judgment against the Individual Plaintiffs. We denied the motion. In a February 9, 2000, Memorandum Opinion and Order (the "February 9, 2000 order"), we rejected the Manufacturer Defendants' argument that renewed summary judgment motions were needed to give stare decisis effect to the Seventh Circuit's opinion in the Class case. In re Brand Name Prescription Drugs Antitrust Litigation, 2000 WL 204061 (N.D. Ill. February 9, 2000). The Manufacturers had cited Premier Electrical Construction Co.

v. Nat'l Electrical Contractors Ass'n, Inc., 814 F.2d 358, 367 (7th Cir. 1987), in

support of their position. In Premier Electrical, the Seventh Circuit considered whether

to permit the defendants, who had lost an antitrust class action in Maryland, to

relitigate the case against opt-out plaintiffs who had filed suit in Chicago. The court

first confirmed that issue preclusion was not available, concluding that "class members

who opt out may not claim the benefits of the class' victory." It went on to state,

however, that the doctrine of stare decisis could generally be used to limit litigation in

a subsequent opt-out case to any significant differences between the class and opt-out

cases. The Manufacturer Defendants argued that this language dictated the granting

of their motion for renewed summary judgment proceedings.

We rejected the Manufacturers' argument on two independent, alternative

grounds. We first noted that the Seventh Circuit had not actually given stare decisis

effect to the prior judgment in the class case, and that Judge Easterbrook's comments

were therefore dicta. In light of the injustice that we believe would result from binding

opt-out plaintiffs to the unfavorable outcome of a case in which they were permitted

no participation, we found the comments unpersuasive and refused to apply them.

As an alternative ground for our decision, we found that renewed summary

judgment motions would be futile, since there was still sufficient evidence in the record

to warrant trial on the merits notwithstanding the outcome of the Class trial:

> The mere girth of the evidentiary record mandated a selection process by the Class....Because the Class presented only a portion of the summary judgment record, this Court's decision to halt the Class trial was not a ruling as a matter of law that the Class could not prove the existence of a conspiracy under any circumstances. Rather, we ruled that the evidence presented by the Class at trial was insufficient to support a reasonable jury determination that the defendants illegally engaged in an antitrust conspiracy. Accordingly, any *stare decisis* effect of the Seventh Circuit's affirmation of our determination that the Class failed to provide a legally sufficient evidentiary basis for a reasonable jury to find that a conspiracy existed does not have the preclusive effect desired by the Manufacturer Defendants upon the Individual Plaintiff's chosen strategy of pursuing relief <u>via</u> the evidence we previously deemed sufficient to stave off summary judgment. 2000 WL 204061, at *4.

On the basis that the "[t]he potential factual underpinnings of the Individual Plaintiffs' cases may well differ in kind and quality from that presented to the jury by the Class," we concluded that principles of stare decisis did not compel us to grant summary judgment in favor of the Manufacturer Defendants. The Individual Plaintiffs' summary judgment record remained intact, and "reopening summary judgment would be a hollow exercise with a foregone conclusion."

Following our refusal to accept the Manufacturers' renewed motions, the Wholesaler Defendants sought leave to file for summary judgment. Unlike the Manufacturers, the Wholesaler Defendants had not had a prior opportunity to seek summary judgment against the Individual Plaintiffs. There was therefore no existing finding that Plaintiffs had enough evidence to go to trial against the Wholesalers, and we allowed the Wholesalers' motion.

On November 6, 2000, we granted summary judgment in favor of the Wholesalers, finding that the record contained insufficient direct or indirect evidence of the Wholesalers' participation in the alleged anti-trust conspiracy. In order to save their claims against the Wholesalers from going the way of the Class' case, the Individual Plaintiffs had argued, *inter alia*, that the Class had abandoned crucial available evidence of the retail pharmacies' ability to move market share. We disagreed, finding that the record evidence of the pharmacies' market power "was never abandoned by Class Plaintiff[s], it was simply found wanting." Because the Individual Plaintiffs had failed to present any other evidence of the Wholesalers' knowing participation in the charged conspiracy, we granted summary judgment in their favor.

The Class Trial Defendants now argue that our opinion on the Wholesalers' motion should alter our decision with respect to the reopening of summary judgment. In particular, they contend that our finding that the Individual Plaintiffs possess no evidence of the retail pharmacies' ability to move market share other than that presented by the Class at trial undermines one of the two alternative bases for the June 9, 2000 Order – that the factual underpinnings of the Individual Plaintiffs' case could differ materially from those presented to the jury by the Class. Without that finding, the Class Trial Defendants argue, our holding rests solely on our refusal to apply the

*stare decisis*-related dicta from <u>Premier Electrical</u>. It is this issue of law alone that they seek to certify for immediate appeal.

It is undisputed that the denial of a motion for summary judgment "is a paradigmatic example of an interlocutory order that normally is not appealable." <u>Ahrenholz</u>, 219 F.3d at 676. Had we allowed the Manufacturers to file renewed motions for summary judgment back in February of 2000 and denied those motions, as predicted, as "a hollow exercise with a foregone conclusion," the Class Trial Defendants would now face a difficult hurdle in certifying that denial for immediate appeal to the Seventh Circuit. In our opinion, the decision they now seek to certify – our refusal to entertain not summary judgment motions, but a *second round* of summary judgment motions – is at least as discretionary as a denial of summary judgment and would require the same fact-intensive inquiry that the Seventh Circuit seeks to eschew in limiting the scope of § 1292(b).

The Class Trial Defendants argue, however, that even matters within the discretion of the district court are appropriate for certification where the exercise of discretion is based on an erroneous conclusion of law. Even if we agree with the moving Mnaufacturers in the abstract that a decision not to entertain renewed summary judgment motions may in some instances be appropriate for § 1292(b) certification, we disagree that our February 9, 2000, Order falls into that category. The Class Trial

Defendants' conclusions about the effect of our summary judgment ruling in favor of the Wholesalers are in error. We once considered the Individual Plaintiffs' summary judgment record against the Manufacturers and found it to be sufficient to warrant a trial on the merits. We considered that record again in light of the judgment as a matter of law in the Class case and found that that judgment did not materially affect our prior denial of summary judgment. Our June 9, 2000 Order does not alter either of those decisions. It merely states that on that same summary judgment record, Plaintiffs cannot create a triable issue of fact against the Wholesalers. Stated differently, the fact that we found evidence of the *Wholesalers'* participation in a conspiracy to be lacking does not necessarily mean that Plaintiffs lack evidence that the *Manufacturers* conspired to fix prices. Indeed, we have held on two prior occasions that there is sufficient evidence in the record to support an inference that they did.

Accordingly, both bases for our February 9, 2000 holding stand. The question of law the Class Trial Defendants seek to appeal is therefore merely an alternative ground and is not controlling. See, e.g., In re Pan Am Corp., 1993 WL 288282, at *2 (S.D.N.Y. July 29, 1993) (alternative ground for holding is not "controlling" for purposes of § 1292(b)). As such, Defendants cannot satisfy the statutory criteria for the certification of an issue for immediate appeal pursuant to 28 U.S.C. § 1292(b).

See <u>Ahrenholz v. Board of Trustees of University of Illinois</u>, 219 F.3d at 675. Their

motion must be denied.

**CONCLUSION**

For the foregoing reasons, the Class Trial Defendants' motion to certify the

Court's February 9, 2000 Order for immediate appeal is denied.


Charles P. Kocoras
United States District Judge


Dated:  March 9, 2001