# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 94 C 897 | **DATE** | 3/22/2001 |
| **CASE TITLE** | In Re: Brand Name Prescription Drugs (This Document Relates to: All Individual Actions Referred To As "Boise/Gravante" Actions) | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Boies/Gravante Plaintiffs' motion (Docs 4712-1 & 4712-2) for reconsideration is granted. The Court's January 29, 2001 order partially disqualifying the law firm of Boies Schiller is modified to permit attorney David Boies to represent the Boies/Gravante Plaintiffs in this litigation.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 23 2001 date docketed | |
| | Notified counsel by telephone. | | | 4744 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE BRAND NAME PRESCRIPTION | ) | |
| DRUGS ANTITRUST LITIGATION | ) | 94 C 897 |
| | ) | |
| This Document Relates to: | ) | MDL 997 |
| | ) | |
| All Individual Actions Referred To As | ) | |
| "Boise/Gravante" Actions | ) | |

DOCKETED
MAR 2 3 2001

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on the Boies/Gravante Plaintiffs' motion for clarification or reconsideration of the Court's January 29, 2001 Order partially disqualifying the law firm of Boies, Schiller & Flexner LLP. For the reasons set forth below, the motion is granted. The order is modified to permit attorney David Boies to participate in the representation of the Boies Gravante Plaintiffs.

## DISCUSSION

On January 29, 2001, this Court issued an order granting in part and denying in part the Manufacturer Defendants' ("Defendants") motion to disqualify the law firm of Boies, Schiller & Flexner LLP ("Boies Schiller") from representation of the 3700 Boies/Gravante Plaintiffs ("Plaintiffs") in the litigation consolidated in this Court as MDL 997 (the "BNPD litigation"). Prior to joining Boies Schiller, name partner

Donald Flexner represented a former BNPD defendant and received confidential information from other defendants under a joint defense agreement. Approximately eight months after Flexner joined Boies Schiller, Nicholas Gravante also joined the firm, bringing with him a team of lawyers (the "Barrett Gravante lawyers") and the opt-out cases of some 3700 BNPD plaintiffs. Defendants moved to disqualify Boies Schiller on the basis that it had failed to take adequate steps to ensure that confidential information imparted to Flexner did not reach the attorneys representing Plaintiffs.

On the evidence before us, we agreed. Relying primarily on the affidavits of Nicholas Gravante and Donald Flexner, we found that Boies Schiller had failed to promptly implement adequate procedures to screen Flexner from participation in the BNPD litigation. According to Gravante and Flexner, beginning one month after Gravante joined Boies Schiller, Flexner had been formally barred from discussing the litigation with the team of lawyers actually working on the case and had not, in fact, discussed the case with them. We therefore permitted Gravante and his legal team to continue their representation of Plaintiffs. At the same time, Flexner's affidavit left open the possibility that he had not been formally precluded from discussing the case with other lawyers in the firm. We therefore disqualified those other Boies Schiller lawyers from later joining the BNPD litigation team.

On February 12, 2001, Plaintiffs moved for clarification or reconsideration of our January 29 order. In their motion, Plaintiffs inform the Court for the first time that

they intend for David Boies, Chairman of Boies Schiller, to try the case on their behalf. Because our order would preclude Mr. Boies from doing so, Plaintiffs seek clarification or modification of the order to permit either the entire Boies Schiller firm, or David Boies in particular, to represent them in this matter. In support of their motion, Plaintiffs present affidavits from both Boies and Flexner to the effect that neither attorney has discussed confidential BNPD-related information with anyone else in the firm. Both attorneys further specify that they have been particularly careful not to share confidential BNPD-related information with each other in light of Flexner's general ethical duty of confidentiality and Boies' marriage to Mary Boies, another of Plaintiffs' lead attorneys.

Motions for reconsideration serve a narrow function. While such a motion may be appropriate where the court has patently misunderstood a party, or there has been a significant change in the facts or law, reconsideration will not be granted to allow the losing party to present new legal arguments or facts which the party could have presented during the pendency of the underlying motion. See Quaker Alloy Casting Co. v. Gulfco Industries, Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988); see also Publishers Resource v. Walker-Davis Publications, 762 F.2d 557, 561 (7th Cir. 1985). At no time during the briefing on Defendants' motion for disqualification did Plaintiffs notify the Court that they intended to retain Mr. Boies to represent them at trial, and that special steps had been taken to ensure that he did not gain access to any confidential

information that had been imparted to Flexner. Rather, Plaintiffs assumed that Flexner's general statement that he had never been asked to, and did not, provide assistance with the BNPD litigation to any lawyer in the firm was sufficient to allay Defendants' fears that their confidential information might be used against them. For the reasons set forth in our January 29, 2001, Memorandum Opinion, Plaintiffs were wrong to so assume.

Plaintiffs' response to the disqualification motion left the Court with the impression that only the Barrett Gravante lawyers had been, on balance, adequately protected from "infection" by Mr. Flexner. It now appears from the supplemental affidavits of Messrs. Flexner and Boies that this impression was incorrect. We are still of the opinion that Boies Schiller's initial screening procedures were inadequate for the reasons set forth in our January 29 opinion. However, the sworn statements in Mr. Flexner's and Mr. Boies' affidavits reveal that, as with the Barrett Gravante lawyers, Mr. Boies' access to Defendants' confidential information was sufficiently curtailed.

While it would have been preferable for Plaintiffs to address all of their concerns about Boies Schiller's disqualification in the context of the adjudication of the original motion, we are mindful of the Seventh Circuit's admonition that we disqualify an attorney "only when *absolutely necessary*." Owen v. Wangerin, 985 F.2d 312, 317 (7th Cir. 1993) (quoting Schiessle v. Stephens, 717 F.2d 417 (7th Cir. 1983))

(emphasis added). In light of the more detailed information now before us, we are no longer convinced that disqualification of Mr. Boies is absolutely necessary to protect Defendants' confidences. We are therefore hesitant, as we must be, to take the "drastic" step of depriving Plaintiffs' of their chosen counsel based on ambiguities in their original response to the disqualification motion. See Owen, 985 F.2d at 317. Consequently, we modify our prior order to permit both the Barrett Gravante lawyers *and* David Boies to represent Plaintiffs in the BNPD litigation. With respect to the other Boies Schiller lawyers, our prior ruling stands: any Boies Schiller attorney who was a member of the firm but not of the team working on the BNPD litigation prior to January 29, 2001, is disqualified and may not represent Plaintiffs in this litigation.

## CONCLUSION

For the foregoing reasons, the motion for reconsideration is granted. The Court's January 29, 2001 order partially disqualifying the law firm of Boies Schiller is modified to permit attorney David Boies to represent the Boies/Gravante Plaintiffs in this litigation.

_____
Charles P. Kocoras
United States District Judge

Dated: March 22, 2001