# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 94 C 897 | **DATE** | 4/26/2001 |
| **CASE TITLE** | In Re: Brand Name Prescription Drugs | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Pending motion (Doc 4723-2) to set a pre-trial schedule in the Northern District of Illinois cases is denied without prejudice. The motion (Doc 4723-1) to refer all opt-out cases to a settlement judge is granted. All opt-out Plaintiffs' cases are referred to Magistrate Judge Keys for the purpose of exploring settlement possibilities.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 27 2001 date docketed | 4764 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | SCT courtroom deputy's initials | 01 APR 26 PM 3:38 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
APR 27 2001

| | | |
|---|---|---|
| IN RE BRAND NAME PRESCRIPTION DRUGS ANTITRUST LITIGATION | ) ) ) | 94 C 897 |
| This Document Relates To: | ) ) ) | MDL 997 |
| ALL CASES | ) ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on the Manufacturer Defendants' motion to refer the opt-out cases to a settlement judge or special master and, if then necessary, to set a pre-trial schedule in those opt-out cases that were filed in the Northern District of Illinois. For the following reasons, the motion to refer the cases for settlement is granted and the motion to set a pre-trial schedule is denied.

### DISCUSSION

This seven-year-old multidistrict litigation has reached a turning point of sorts. The pretrial proceedings for which the thousands of individual cases were consolidated in this Court are, in the Court's view, now complete with respect to the Sherman Act claims. On March 22, 2001, we recommended to the Judicial Panel on Multidistrict

Litigation (the "MDL Panel") that those claims be remanded to the District Courts from which the transfers were made.

The Manufacturer Defendants ("Defendants") have urged the Court to take two actions with respect to the consolidated actions before the remand takes effect. First, Defendants move the Court to refer all of the Opt-out Plaintiffs' ("Plaintiffs") cases to a special master or settlement judge to explore the possibility of settlement. In the event that this settlement process is unsuccessful, Defendants ask the Court to set a pre-trial schedule in those cases that were filed in the Northern District of Illinois. We address each motion in turn.

## I. Motion to refer cases for settlement

Defendants claim that their settlement efforts have been frustrated by the lack of coordination between, and allegedly within, various plaintiff groups. They contend that a coordinated settlement process would facilitate settlement by alleviating this difficulty and by guiding the parties toward a realistic evaluation of their cases. The Manufacturer Defendants have moved the Court to refer all opt-out cases to a single judge or special master for the purpose of exploring settlement possibilities.

At the hearing on Defendants' motion, counsel for several Plaintiff groups indicated that Plaintiffs were not opposed to a coordinated settlement process in principle. They indicated, however, that Defendants' motion should be viewed as an

attempt to delay remand of the Sherman Act claims and opposed it on that basis. Their written response to the motion, filed on February 26, 2001, reiterates this latter concern.

In the time since Plaintiffs filed their response, this Court formally recommended to the MDL Panel that the Sherman Act claims be remanded. Plaintiffs' objection that granting Defendants' motion would delay that recommendation is therefore moot. Nor do we envision any delay in the ultimate remand of the Sherman Act claims. It will take time for the MDL Panel to consider the Court's recommendation and effectuate any remand. In the meantime, we see no reason why a settlement process in which all parties are willing to engage cannot take place under the guidance of a settlement judge. We therefore refer all opt-out cases to the magistrate judge assigned to this case, Magistrate Judge Keys.

## II. Motion to set pretrial schedule

Defendants also suggest that, if the cases are not resolved in proceedings before the magistrate judge, the Court should set a pre-trial schedule for the eleven cases filed in the Northern District of Illinois. With the Court's recommendation for remand pending before the MDL Panel, Defendant's request is premature. We therefore deny the motion to set a pre-trial schedule in the Northern District of Illinois cases, without prejudice.

## CONCLUSION

For the foregoing reasons, the motion to set a pre-trial schedule in the Northern District of Illinois cases is denied without prejudice. The motion to refer all opt-out cases to a settlement judge is granted. All opt-out Plaintiffs' cases are referred to Magistrate Judge Keys for the purpose of exploring settlement possibilities.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: April 26, 2001