Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 94 C 897 | **DATE** | 11/14/2001 |
| **CASE TITLE** | In Re: Brand Name Prescription Drugs (This document relates to: William Mack Price v. American Home Products 94 C 3748) | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** The Court finds that it does not have jurisdiction in this case. Accordingly, Defendants' motion (Doc 4860-1) for confirmation of jurisdiction and this court's November 16, 2000 judgment on the pleadings in Defendants' Favor is denied. Renewed motion (Doc 4868-1) to remand for lack of jurisdiction is granted. So ordered.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | **NOV 15 2001** | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 4887 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 NOV 14 PM 3:13 | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| IN RE BRAND NAME PRESCRIPTION DRUGS ANTITRUST LITIGATION )))))))))) | 94 C 897<br><br>MDL 997 |
| This document relates to:<br><br>William Mack Price, et al. v. American Home Products, et al., M.D. Ala., C.A. No. 2:94-526; 94 C 3748 | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the court on the Defendants' Motion for Confirmation of this court's Jurisdiction and its November 16, 2000 Judgment on the Pleadings, and the Plaintiffs' Cross and Renewed Motion to Remand for Lack of Subject Matter Jurisdiction. For the following reasons, the Defendants' motion is denied, and the Plaintiffs' motion is granted.

### BACKGROUND

Plaintiffs William Mack Price ("Price") and Jennifer Jackson ("Jackson") are Alabama consumers who purchased brand name prescription drugs. On April 1, 1994,

Plaintiffs filed a putative class action lawsuit against seven drug manufacturers[1] (collectively "Defendants") in an Alabama state court, alleging violations of Alabama's antitrust law. Defendants responded by removing the case to the United States District Court for the Middle District of Alabama. Subsequently, the Panel on Multidistrict Litigation transferred the case, and other similar actions, to this court for coordinated and consolidated pretrial proceedings.

Rather than oppose removal immediately, Plaintiffs first moved for class certification pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. This court denied their motion because Plaintiffs failed to show that common questions of law or fact predominated over issues affecting individual class members. In re Brand Name Prescription Drugs Antitrust Litig., 1994 WL 663590 (N.D. Ill. Nov. 18, 1994).

Following the denial of their class certification motion, Plaintiffs moved to dismiss for lack of subject matter jurisdiction or, in the alternative, to remand the case to state court. Plaintiffs argued that this court could not exercise diversity jurisdiction over the case because the amount in controversy did not exceed the $50,000 jurisdictional minimum in force at the time of removal. This court denied Plaintiffs' motion. In re Brand Name Prescription Drugs Antitrust Litig., 1995 WL 56615, at *1

---

[1] The seven Defendant manufacturers are: American Home Products Corp.; Ciba-Geigy Corp. (now merged into Novartis Pharmaceuticals Corp.); G.D. Searle & Co.; Glaxo, Inc.; Pfizer, Inc.; Schering-Plough Corp.; and SmithKline Beecham Pharmaceuticals Corp. (now SmithKline Beecham Corp.).

(N.D. Ill. Feb. 8, 1995). This court recognized that the burden was on Defendants to demonstrate a reasonable probability that the amount in controversy exceeded $50,000 and that Plaintiffs' complaint was ambiguous as to this issue. Id. Relying on Shaw v. Dow Brands, Inc., 994 F.2d 364 (7th Cir. 1993), however, this court held that Plaintiffs conceded diversity jurisdiction by failing to contest removal at an earlier stage of the litigation. Plaintiffs then moved to dismiss the case voluntarily pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. This court denied that motion as well, finding that Defendants would be legally prejudiced by dismissal. In re Brand Name Prescription Drugs Antitrust Litig., 1995 WL 495937 (N.D. Ill. Aug. 17, 1995).

There was no further development in this case until June 20, 2000 when Defendants moved for judgment on the pleadings on the ground that a recent Alabama Supreme Court decision involving similar conspiracy allegations, Abbott Laboratories v. Durrett, 746 So.2d 316 (1999), confirmed that the Alabama antitrust statute reaches only intrastate conspiracies and therefore does not reach the conduct alleged in Plaintiffs' complaint. Plaintiffs responded by renewing their motion for remand in light of the recent Seventh Circuit decision in In re Brand Name Prescription Drugs Antitrust Litig., 123 F.3d 599 (7th Cir. 1997) ("Huggins"). Again relying on Shaw, this court stood by its initial refusal to remand this case and denied Plaintiffs' motion. In re Brand Name Prescription Drugs Antitrust Litig., Slip. Op., at 6, Nov. 16, 2000. Agreeing with Defendants that Durrett confirmed that the Alabama antitrust statute

upon which Plaintiffs complaint was based would not reach the complained of conduct, this court granted Defendants' motion. Id. at 11.

Plaintiffs subsequently challenged this court's jurisdictional ruling on appeal to the Seventh Circuit. In re Brand Name Prescription Drugs Antitrust Litig., 248 F.3d 668 (7th Cir. 2001). The Seventh Circuit disapproved of this court's reliance on Shaw and ruled that Defendants could not establish jurisdictional facts by pointing to an implicit concession on the part of Plaintiffs. Id. at 670. Because there was no evidence as to the actual value of Plaintiffs' claim in the record, the Seventh Circuit could not determine whether the amount in controversy requirement was satisfied. The case was thus remanded so that this court could make that determination after such evidence was developed. Id. at 670. The parties have now fully briefed the issue and the relevant evidence is before the court.

## DISCUSSION

As in Huggins, 123 F.3d at 607-11, the Seventh Circuit remanded this case with specific instructions on how to determine whether the amount in controversy is satisfied. In re Brand Name Prescription Drugs Antitrust Litig., 248 F.3d at 671. The Seventh Circuit stated that the court must bear in mind "that at least one plaintiff must satisfy the minimum amount in controversy all by himself; that the plaintiffs are purchasers of drugs for their own use; and that the damage period is only two years." Id. The Seventh Circuit then explained that, even if the overcharge on Plaintiffs' brand

name prescription drug purchases was trivial, one of the named Plaintiffs may have incurred $50,000 in damages, and would therefore meet the jurisdictional minimum, if the Plaintiff made at least "100 separate purchases of drugs the price of which had been inflated by the defendants' price fixing" within the relevant two-year damage period. Id. This is because the Alabama antitrust law affixes a $500 penalty to every violation and each purchase made during the two year damage period may potentially constitute a violation. With this guidance, the court now turns to the evidence in the record.

All the evidence in the record pertains to one of the Plaintiffs, Price, because Defendants only attempt to shoulder their burden of proving that the jurisdictional minimum is met to a reasonable probability, Shaw, 994 F.2d at 366, with regard to this Plaintiff. The key piece of evidence is a record of all of Price's drug purchases spanning from April 16, 1991 to July 16, 1994. Pursuant to the Seventh Circuit's remand order, the purchases relevant to our inquiry are those made in the two-year damage period: the two years prior to the filing of Plaintiffs' complaint on April 1, 1994. See In re Brand Name Prescription Drugs Antitrust Litig., 248 F.3d at 671. Within that two-year damage period, Price made a total of 84 drug purchases. Of those 84 purchases, 12 were purchases of generic drugs and are, therefore, not included in our calculation of the amount in controversy. That leaves 72 purchases.

The parties argue over whether this is the number of purchases we should use in determining the amount in controversy. Plaintiffs assert that 24 of the 72 purchases cannot be considered because Price purchased them from manufacturers who are not parties to this action. Defendants contend that those 24 purchases should be considered because, even though those manufacturers are not named defendants, the prices of the drugs they manufactured were increased by the alleged price-fixing conspiracy among the named Defendants. Resolution of the parties' dispute as to this matter is unnecessary, however, because the court finds that, even if those 24 purchases are included, the jurisdictional minimum is not met. The 72 purchases of brand name prescription drugs Price made during the two-year damage period amount to $36,000 in penalties. This figure falls $14,000 short of the requisite jurisdictional amount. Defendants do not bother to argue that adding the overcharges to this figure would satisfy the jurisdictional amount. As Plaintiffs point out, such an argument would be futile because the overcharges come nowhere near $14,000. Thus, the jurisdictional minimum is not satisfied in this case.

In an effort to shore up the total number of relevant purchases and reach the jurisdictional minimum, Defendants argue that this court should add in the "reasonably predictable" drug purchases Price, at the time the complaint was filed, anticipated making between the filing of the complaint and the final judgment in this case. Defendants' argument stems from their interpretation of the complaint as alleging

"continuing damages." Defendants' argument requires this court to expand the damage period as delineated by the Seventh Circuit in its remand order because it calls the court to consider purchases made outside that damage period. This the court cannot do. The Seventh Circuit's interpretation of the complaint as alleging the specified two-year damage period controls the scope of our inquiry. See Pearson v. Edgar, 153 F.3d 397, 405 (7th Cir. 1998) (stating "the direction we gave bound the district court"); Creek v. Village of Westhaven, 144 F.3d 441 (7th Cir. 1998); Waid v. Merrill Area Public Schl., 130 F.3d 1268, 1272 (7th Cir. 1997) (stating "when a court of appeals has reversed a final judgment and remanded the case, the district court is required to comply with the express or implied rulings of the appellate court"); United States v. Polland, 56 F.3d 776 (7th Cir. 1995); Wagner v. Henman, 902 F.2d 578, 581 (7th Cir. 1990) (explaining that district court abuses its discretion when it does not follow remand); Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc., 669 F.2d 490, 494 (7th Cir. 1981) (stating district court must follow mandate of Seventh Circuit); Hayes v. Thompson, 637 F.2d 483, 487 (7th Cir. 1980) (stating district court does not have power to do anything which is contrary to the letter or spirit of appellate court's mandate). Accordingly, in determining whether this case satisfies the jurisdictional minimum, the court is limited to the purchases Price made during the two-year damage period. As explained above, those purchases demonstrate that the amount in controversy in this case does not meet the jurisdictional requirement of $50,000.

## CONCLUSION

For the foregoing reasons, the court finds that it does not have jurisdiction in this case. Accordingly, Defendants' Motion for Confirmation of Jurisdiction and this court's November 16, 2000 Judgment on the Pleadings in Defendants' Favor is denied. Plaintiffs' Renewed Motion to Remand for Lack of Jurisdiction is granted.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated:  November 14, 2001